IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| 1969 LLC, a Wyoming limited liability company<br><br>Plaintiff,<br><br>v.<br><br>Bitmain Technologies Georgia Limited, a Georgia Corporation<br><br>Defendant. | Case No.: 4:25-cv-04361 |

**PLAINTIFF'S AMENDED VERIFIED COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF**

Plaintiff 1969 LLC ("1969" or "Plaintiff"), by and through its undersigned counsel, files this Amended Verified Complaint and Application for Injunctive Relief against Defendant Bitmain Technologies Georgia Limited ("Bitmain" or "Defendant"), and alleges as follows:

**INTRODUCTION**

This is an action for a Temporary Restraining Order ("TRO") and preliminary injunction to enjoin Defendant from breaching/violating the binding arbitration and forum

selection clause set forth in the On-Rack Sales and Purchase Agreement ("Agreement") by filing suit in any court (most notably outside of Houston, Texas) including for a writ of replevin or possession Plaintiff also seeks to compel arbitration for non-injunctive causes of action and a declaratory judgment that the forum selection clause and arbitration agreement in the Agreement are legally valid and enforceable.

## PARTIES

1. Plaintiff 1969 is a limited liability company formed under the laws of the Wyoming. However, 1969 is a Wyoming limited liability company with its sole member being 21 Century Real Estate Inc. which is a Delaware corporation with its principal place of business in Delaware located at 262 Chapman Rd, Ste 240, Newark DE 19702.[1]

2. Defendant Bitmain Technologies Georgia Limited is a corporation incorporated under the laws of the State of Georgia, with its registered office at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (notably under 28 U.S.C. § 2283 and 28 U.S.C. § 1651(a)) and 28 U.S.C. § 1332(a)

---

[1] The citizenship of an LLC is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citation omitted). The state of incorporation for the LLC itself is, therefore, irrelevant.

because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction of this matter under the parties' agreements as set forth herein, namely said agreements' mandatory forum selection clause for which the parties consented to exclusive jurisdiction in Houston, Texas.

5. Venue is proper in this district under the parties' agreements as set forth herein in the forum selection clause and under 28 U.S.C. § 1391(b) as Defendant is subject to this Court's personal jurisdiction as to this action.

## FACTUAL ALLEGATIONS

6. On or about March 12, 2025, 1969 and Bitmain signed a Letter of Intent ("LOI"), under which 1969 proposed to purchase from Bitmain cryptocurrency mining hardware and other equipment ("Subject Servers") at a total purchase price of $19,380,000 in which 1969 LLC shall pay $1,938,000 (10% of total purchase price) in earnest. [*See* **Exhibit A** attached hereto]. The LOI specifically stated that "[T]he Products will be delivered in April of 2025", which is not conditional upon the full payment of the balance of the total purchase price. [*Id.*].

7. 1969 paid the earnest money in the amount of $1,938,000. [*See* **Exhibit B** attached hereto].

8. On or about April 21, 2025, 1969 and Bitmain also signed the On-Rack Sales and Purchase Agreement ("On-Rack Sales Agreement") dated April 21, 2025, under which

Bitmain agreed to sell and deliver to 1969 LLC the Subject Servers EXW. [*See* **Exhibit C** attached hereto].

9. The Agreement states that Georgia law applies to the Agreement as well as to any disputes regarding the same. *Id.* at p. 19 (Article 22.1).

10. The Agreement includes a mandatory forum selection clause designating Houston, Texas as the exclusive forum for resolving disputes, namely and exclusively arbitration in Houston, Texas with the American Arbitration Association ("AAA") *Id.* (Article 22-"All disputes arising under this Agreement shall be submitted to arbitration in Houston, Texas before a single arbitrator of the American Arbitration Association").

11. Together the LOI and the On-Rack Sales Agreement constitute and shall be referred collectively herein as "The 1969 Sales Agreement".

12. When the 1969 Sales Agreement took effect, the Subject Servers were delivered EXW, since they were already located at the "Data Center Facility" in Puryear, TN.

13. Thereafter, a dispute arose between the parties regarding among other things, 1969's payment to Bitmain and issues with the Subject Servers purchased.

14. The parties engaged in communications to attempt to resolve the dispute, and Bitmain made representations or otherwise engaged in conduct that induced 1969's reliance that Bitmain had accepted a modification of the payment terms. [*See* **Exhibit D** attached hereto].

15. On August 22, 2025, Bitmain's counsel improperly sent 1969 a Notice of Termination as to the Agreement. [*See* **Exhibit E** attached hereto].

16. The Notice of Termination was improper and a material breach of the 1969 Sales Agreement.

17. Despite the mandatory forum selection provision and arbitration clause, Bitmain has threatened to seek legal action including requesting a writ of replevin or possession from a court outside of Texas (namely from a rural county court in Tennessee) in violation of the Agreement's exclusive forum selection and mandatory arbitration clauses.

18. As a result, the instant Amended Verified Complaint and application for declaratory relief and emergency injunctive relief is necessitated.

## CAUSES OF ACTION

### Count One: Declaratory Judgment/Relief

19. Plaintiff realleges and reasserts all allegations in the preceding paragraphs of this Verified Complaint as though fully set forth herein.

20. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

21. Federal Rule of Civil Procedure 57 governs the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201 and specifically states that the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. In addition, the court may order a speedy hearing of a declaratory-judgment action which Plaintiff's requests herein and in the application for injunctive relief.

22. Plaintiff seeks a declaratory judgment that the exclusive forum selection clause and arbitration agreement in the 1969 Sales Agreement is legally valid and enforceable and that Bitmain is required to litigate all disputes in arbitration in Houston, Texas.

23. The requested declaratory relief is necessary to resolve the parties' dispute and prevent Defendant from circumventing the agreed-upon dispute resolution mechanisms by filing *ex-parte* and behind Plaintiff's back in a foreign forum (in a court) that the parties clearly did not agree to in violation of the exclusive forum selection and arbitration clauses set forth in the Agreement as stated herein.

## Count Two: Breach of Contract

24. Plaintiff realleges and reasserts all allegations in the preceding paragraphs of this Amended Verified Complaint as though fully set forth herein.

25. The 1969 Sales Agreement is a valid, binding and enforceable contract between Plaintiff and Defendant.

26. Plaintiff has materially performed its obligations under the 1969 Sales Agreement.

6

27. Defendant materially breached the 1969 Sales Agreement via its failure to not timely and fully repair faulty servers despite 1969's notice and request for the same.

28. Defendant materially breached the 1969 Sales Agreement termination notice and not adhering to the terms of the 1969 Sales Agreement including the modification of the payment terms.

29. Defendant has also anticipatory breached the 1969 Sales Agreement.

30. Defendant has anticipatorily breached the 1969 Sales Agreements' exclusive forum selection clauses by threatening to file an action (mostly *ex-parte*) including for a writ of replevin or possession from a court/forum outside of the state of Texas (notably in a rural Tennessee county court), in violation of the 1969 Sales Agreement's exclusive forum selection and arbitration clauses. This action would violate the 1969 Sales Agreement's dispute resolution clause and the 1969 Sales Agreement's forum selection clause which require any litigation filing to be in arbitration with the AAA in Houston, Texas.

31. If the Defendant is not enjoined from terminating the 1969 Sales Agreement and violating the exclusive forum selection and arbitration clauses, it will cause irreparable harm to the Plaintiff's business and engage in forum shopping, contrary to the 1969 Sales Agreement. Without an injunction, the Plaintiff will suffer prejudice, and the Defendant will unlawfully attempt to deprive the Plaintiff of the mining equipment essential to its business operations.

32. Plaintiff is entitled to emergency, preliminary, and permanent injunctive relief and declaratory judgment as set forth herein.

**Count Three: Temporary Restraining Order ("TRO") and Preliminary Injunction**

33. Plaintiff realleges and reasserts all allegations in the preceding paragraphs of this Amended Verified Complaint as though fully set forth herein.

34. Plaintiff seeks a TRO and preliminary injunction to prevent Defendant from violating the mandatory forum selection and arbitration clauses and going behind Plaintiff's back in filing suit in a court including in an attempt to obtain a writ of replevin or possession (including *ex-parte*) from a non-Texas tribunal/court.

35. A district court may grant the extraordinary relief of a temporary restraining order or preliminary injunction if the movant establishes four prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer immediate and irreparable harm if the temporary restraining order or injunction does not issue; (3) that the threatened harm to the movant outweighs any injury or damage the temporary restraining order or preliminary injunction may cause to the defendant; and (4) that the granting of the temporary restraining order or preliminary injunction will not disserve the public interest. *DNOW L.P. v. Okoro*, No. 4:16-CV-2382, 2016 WL 8738401, at *1-2 (S.D. Tex. Aug. 10, 2016).

36. Although the Anti–Injunction Act is an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless the action falls

within a designated exception, ***it does not preclude injunctions against a lawyer's filing of prospective state court actions***. See 28 U.S.C.A. § 2283; *Dombrowski v. Pfister*, 380 U.S. 479, 484 n. 2 (1965); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 & n. 8 (5th Cir. 1990)).

37. The All Writs Act provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The "necessary in aid of jurisdiction" exception is designed to "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970).

38. The federal courts have the power to enjoin persons subject to their jurisdiction from prosecuting foreign suits and this would equally apply to suits in different states. As this dispute concerns private parties to a contractual dispute, such relief would not impact comity among the states. Moreover, an anti-suit injunction is a proper mechanism to enforce forum selection clauses and arbitration agreements. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984 (9th Cir. 2006). Protecting contractual devices that provide such indispensable, essential functions within trade justifies the imposition of an anti-suit injunction. *Id.*

39. The parties and issues would be the same if Defendant were to file suit in another forum outside of Houston, Texas in violation of the arbitration and mandatory forum selection clause.

40. The enjoinment of suit in a court and/or another forum outside of Houston, Texas is necessary to avoid frustrating the policy and interests of the State of Texas in enforcing the mandatory forum selection clause and the arbitration agreement. Forum selection clauses are increasingly used in business transactions and when included in freely negotiated commercial contracts, they enhance certainty, allow parties to choose the regulation of their contract, and enable transaction costs to be reflected accurately in the transaction price.

41. The U.S. Supreme Court and the Fifth Circuit have emphasized the importance of forum selection clauses and have held that they "should be enforced absent strong reasons to set them aside." *See Atlantic Marine Constr. Co. v. United States District Court*, 571 U.S. 49, 60-62 (2013); *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016). The same is with arbitration clauses.

42. As such, the Court should enter a preliminary anti-suit TRO and preliminary injunction.

43. Plaintiff is likely to succeed on the merits of its claim because the 1969 Sales Agreement, clearly designates Houston, Texas as the exclusive forum for disputes regarding the same. Moreover, the 1969 Sales Agreement clearly requires the parties to

litigate in arbitration with the AAA as any disputes arising under the 1969 Sales Agreement, such as a breach of contract claim.

44. Plaintiff will suffer irreparable harm if Defendant is allowed to proceed in a forum outside of Houston, Texas, as it would undermine the contractual agreement and result in significant legal expenses and logistical challenges. The same is true for not enforcing the 1969 Sales Agreement's arbitration clause.

45. The balance of equities tips in Plaintiff's favor as it is enforcing the 1969 Sales Agreement's dispute resolution provisions, and a TRO and preliminary injunction is in the public interest as it upholds the enforceability of contractual agreements.

## Count Four: Compel Arbitration

46. Plaintiff realleges and reasserts all allegations in the preceding paragraphs of this Amended Verified Complaint as though fully set forth herein.

47. Plaintiff seeks to compel arbitration for the disputes referenced in herein pursuant to the arbitration clause in the 1969 Sales Agreement.

48. The arbitration clause is valid and enforceable, and Defendant's actions are subject to arbitration under the terms of the 1969 Sales Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff 1969 respectfully requests that this Court:

A. Issue a declaratory judgment that the exclusive forum selection clauses and the applicable arbitration clauses in the 1969 Sales Agreement is valid and enforceable with no exception;

   B. Issue TRO and preliminary injunction enjoining Defendant from filing suit including obtaining a writ of replevin or possession from any court and any forum outside of Houston, Texas court as specified and required in the 1969 Sales Agreement;

   C. Compel arbitration for as to the matters pursuant to the arbitration clause in the 1969 Sales Agreement;

   D. Award Plaintiff its costs and attorneys' fees incurred in this action; and

   F. Grant such other and further relief as the Court deems just and proper.

Dated: November 5, 2025

              Respectfully submitted,


              By:/s/*Brian M. Gargano*
              **ARCHER & GREINER P.C.**
              Brian M. Gargano
              Federal Bar No. 3082070
              Jiangang "James" Ou
              Federal Bar No. 3435797
              3040 Post Oak Boulevard, Suite 1800-150
              Houston, Texas 77056
              bgargano@archerlaw.com
              jou@archerlaw.com
              Tel. (281) 968-5215

              *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed and/or served on this 5th day of November 2025 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

              */s/ Brian M. Gargano*
               Brian M. Gargano

## VERIFICATION

I, Fenshou Chen am 1969, LLC's ("1969") Manager. As such, I am one of 1969's corporate representatives with knowledge of the matters set forth in the Amended Verified Complaint. I have reviewed all of the allegations made in this Amended Verified Complaint along with the attendant exhibits. The allegations in the Amended Verified Complaint about which I have personal knowledge are true and accurate. As to those allegations of which I may not have personal knowledge, I believe them to be true to the best of my information Having received a copy of the Amended Verified Complaint along with its attendant exhibits, and having thoroughly reviewed them, and I hereby authorize the filing of this Amended Verified Complaint along with its attendant exhibits.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th, November 2025.

签署人：
陈奋弄
E59B11FE99D043A...

_____
Fenshou Chen
Manager
Old Const LLC